IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Kennedy Tasker | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Cause No. 3:15-cv-00055 |
| | § | |
| Chevron U.S.A., Inc. | § | |
| | § | |
|     Defendant | § | |

### Plaintiff's Original Complaint

Plaintiff complains of Chevron U.S.A., Inc. ("Chevron") and would respectfully show the Court that:

### I.

### Jurisdiction

1.  This Court has subject matter jurisdiction over Plaintiff's claims because the parties have diverse citizenship and because the amount in controversy is in excess of $75,000. Defendant Chevron U.S.A., Inc. is subject to personal jurisdiction in this Court.

### II.

### Parties

2.  Plaintiff is a resident of Louisiana.

3.  Defendant Chevron U.S.A., Inc. is a California Company that may be served through its registered agent, Prentice-Hall Corp. System, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.

### Nature of the Action

4. On or about March 22, 2014, Plaintiff was working on a fixed platform in the Gulf of Mexico when he was seriously injured. Specifically, Plaintiff was working for Fluid Crane on South Pass Platform 49-A, owned and operated by Defendant Chevron. On the date of the incident in question, Plaintiff was working with another Fluid Crane employee to complete a fire hydrant demolition when they received orders from Chevron to cut a certain pipe. The pipe Plaintiff was told to cut that, unbeknownst to the Plaintiff, was filled with raw oil. Oil spewed from the pipe, and Plaintiff was covered in raw oil. Plaintiff was then hit by compressor clips, intended to be used to stop the flow of oil, and knocked down. The clips weighed approximately 100 pounds. As a result of the incident in question, Plaintiff suffered chemical burns to his eyes and skin and injuries to his back.

5. The platform in question was owned and/or maintained by Defendant Chevron U.S.A. at the time of the incident in question. Defendant's employees and/or agents were managing the work at the platform in question. The Defendant owed a duty to Plaintiff at the time of the incident in question. Defendant's failure to uphold that duty caused the injuries to Plaintiff.

6. Defendant is negligent and grossly negligent for the following reasons:

    a. failure to properly supervise its employees;

    b. failure to properly train their employees;

    c. failure to provide employees with adequate safety equipment;

    d. failure to provide adequate medical treatment;

    e. failure to maintain, inspect, and/or repair work equipment;

      f. failure to maintain a safe work environment;

      g. failure to warn Plaintiff of hidden dangers aboard the production platform; and

      h. other acts deemed negligent and grossly negligent.

7.     Additionally, Defendant Chevron U.S.A. is liable to Plaintiff under a theory of premises liability. The platform was owned and/or maintained by Defendant Chevron U.S.A. Defendant had employees and/or agents working for them on the platform in question. Defendant had knowledge of the defect in the condition of the pipe in question. Defendant had knowledge of a defect to the condition of the pipe at the time Plaintiff was ordered to cut it. The condition at the time of the pipe caused an unreasonable risk of harm to those on the platform and to the Plaintiff, of which Defendant had actual and/or constructive knowledge.

8.     Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

9.     Plaintiff is also entitled to punitive damages because Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that

were posed to them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## IV.

## Jury Trial

10. Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## V.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring Defendant to appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff shows himself justly entitled including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;

- Exemplary damages;

- Costs of Court;

- Pre and Post Judgment interest

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
Texas State Bar No. 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**